UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

Brian J. Farley and Denise A. Farley,

                              Debtors.
-------------------------------------------------------X

Case No.  10-76019-ast
Chapter 7

**MEMORANDUM OPINION ON DEBTORS' MOTION TO
REOPEN CASE TO FILE A STIPULATION ASSUMING LEASE AGREEMENT**

Pending before the Court in the above referenced chapter 7 case is a motion ("Motion") [dkt item 16] filed by Debtors, Brian J. Farley and Denise A. Farley ("Debtors"), through their attorney, requesting that their closed Chapter 7 case be reopened for the limited purpose of filing and seeking approval of a stipulation to assume an auto lease agreement with Ford Motor Credit ("Assumption Agreement"). Reopening of this case is sought pursuant to Section 350(b) of the Bankruptcy Code,[1] and filing of the Assumption Agreement is sought pursuant to Section 365(p). No opposition or response to the Motion has been filed. However, the Court has determined, *sua sponte*,[2] to address whether it has authority to grant this Motion in light of its own concerns and recent jurisprudence within this District regarding such agreements. The Court has determined that it is appropriate to reopen this case solely to allow the filing of the Assumption Agreement, but it will not enter an order approving this agreement because approval of these types of agreements by the Court is neither mandated nor authorized by the Bankruptcy

---

[1] Throughout this Memorandum Opinion, all statutory references to the Bankruptcy Code are under Title 11 of the United States Code, §§ 101-1532, unless otherwise indicated.

[2] Bankruptcy Code Section 105(a) permits this Court to raise, *sua sponte*, the question of whether to "[take] any action or [make] any determination necessary or appropriate to enforce or implement court orders or rules . . . ." 11 U.S.C. § 105(a).

Memorandum Opinion- p. 1

Code or Rules.  Therefore, as discussed more fully below, the Motion is granted in part.

## Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§1334(b) and 157(b)(2)(A) and (O), and the Eastern District of New York Standing Order of Reference dated August 28, 1986.  This decision constitutes the Court's findings of facts and conclusions of law to the extent Rule 7052 of the Federal Rules of Bankruptcy Procedure so requires. FED. R. BANKR. P. 7052.

## Background

On August 2, 2010, Debtors filed a joint petition for relief under Chapter 7 of the Bankruptcy Code ("Petition"). [dkt item 1]  On their Schedule B, they list two automobiles, including a 2010 Ford Edge.  Schedule D notes that both vehicles are leased vehicles, and states that the Debtors have a security agreement with Ford Motor Credit[3] ("Ford") for the 2010 Ford Edge (the "Automobile") in the alleged amount of $13,000.00.  Schedule J sets forth the monthly payment to Ford as $475.00.  Part A of the Chapter 7 Individual Debtor's [sic] Statement of Intention ("Statement of Intention") states that the Debtors will retain the Automobile and reaffirm their debt with Ford.  Part B of the Statement of Intention states that the Debtors will assume the lease ("Lease") with Ford pursuant to Bankruptcy Code Section 365(p)(2).

On August 2, 2010, Kenneth Kirschenbaum, Esq. was appointed and duly qualified to serve as the Chapter 7 trustee (the "Trustee") for this case.  On September 1, 2010, the Trustee

---

[3] Although the Schedules and the Motion refer to Ford as the Lessor, the proposed Stipulation and Order annexed to the Motion states that CAB East, LLC is the owner of the vehicle, and that Debtors are lessors.  For purposes of the Decision, the Court will assume that Ford and CAB East, LLC are one and the same.  However, when a fully executed assumption agreement is filed upon the reopening of this case, this discrepancy must be addressed.

filed a Chapter 7 Trustee's Report of No Distribution. On November 2, 2010, an Order discharging the Debtors and a Final Decree was entered. [dkt item 14] That same day the case was closed. The Trustee did not file a motion to assume the Lease during the pendency of this case.

On December 22, 2010, the Motion was filed. [dkt item 16] The Motion sets forth that Debtors have been the lessees of the Automobile and that the Lease is encumbered by a lien held by Ford. The Motion continues:

> Although at all times herein, the debtors were current in the remittance of their auto lease payments, Ford has informed the debtors that they would no longer accept payments and would seek recovery of the subject vehicle absent the execution and filing of a stipulation to assume the subject lease agreement.

[dkt item 16 ¶ 3] Thus, it appears that the Debtors are proceeding herein at the insistence of Ford. A proposed Assumption Agreement between the Debtors' counsel and Ford providing for the assumption of the Lease pursuant to 11 U.S.C. § 365(p) is annexed to the Motion as Exhibit B.[4]

In seeking to reopen this case, Debtors rely on the fact that "no assets have been administered by the trustee to which this [sic] creditors, or any other creditor of the estate, would be entitled" and that "the creditor body in this case would not be prejudiced by the reopening of the debtor's [sic] case for this limited purposed." [dkt item 16 ¶¶ 5-6] The Motion concludes that, "debtor [sic] has established that there is sufficient "cause" within the meaning of 11 U.S.C. Section 350(b)." [dkt item 16 ¶7]

---

[4] The Assumption Agreement is not signed by counsel for Ford and does not have a signature line for either of the Debtors. In addition, the Assumption Agreement references the Lease as an exhibit thereto; however, the exhibit was not included with the Motion. Thus, no copy of the Lease is on file with the Court.

## Legal Analysis

*Reopening of a Closed Chapter 7 Case*

Rule 5010 of the Federal Rules of Bankruptcy Procedure provides that a debtor or other party in interest may make a motion to reopen a case. FED. R. BANKR. P. 5010. Section 350(b) of the Bankruptcy Code provides that "[a] case *may* be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b) (emphasis supplied). The statute's permissive language provides the Court with broad discretion to determine whether a debtor filed a motion to reopen in good faith or has demonstrated good cause. *In re Olejnik*, No. 09-76714, 2010 WL 4366183 (Bankr. E.D.N.Y. Oct. 28, 2010); *In re Meneses*, No. 05-86811, 2010 WL 813975 (Bankr. E.D.N.Y. Mar. 3, 2010); *In re Lowery*, 398 B.R. 512, 514 (Bankr. E.D.N.Y. 2008)(internal citations omitted). However, this Court will only exercise its discretion to reopen a case in circumstances where relief may ultimately be afforded to a party, but not where reopening is futile or a waste of judicial resources. *See In re Polyner Mardy & Marie D. Joseph*, No. 10-73819, 2011 WL 917545 (Bankr. E.D.N.Y. Mar. 15, 2011); *In re Carberry*, 186 B.R. 401, 402 (Bankr. E.D.Va. 1995).

The Court must first determine whether Debtors have met their burden, as asserted in the Motion, that, "there is sufficient 'cause' within the meaning of 11 U.S.C. Section 350(b)." [dkt item 16 ¶ 7] The Bankruptcy Code does not define "cause" under Section 350(b). *See State Bank of India v. Chalsani (In re Chalsani)*, 92 F.3d 1300, 1307 (2d Cir. 1992). Consequently, to determine whether cause exists, this Court must examine whether the relief sought by Debtors is available under Section 365(p).

*Lease Assumption Under Section 365(p)*

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") added a new provision[5] to the Bankruptcy Code to address the assumption of personal property leases. Section 365(p)[6] was added in response to the pre-BAPCPA cases that held that a chapter 7 debtor could not assume a personal property lease, and to clarify that the automatic stay terminates upon the rejection of a personal property lease. *See In re Rogers*, 359 B.R. 591, 593 (Bankr. D.S.C. 2007). Section 365(p)(2) provides a consensual, non-judicial procedure for the assumption of a personal property lease by a debtor if the lease has been rejected or not timely assumed by the chapter 7 trustee under Section 365(d). 11 U.S.C. § 365(p)(1). In what some

---

[5]Section 309(b) of BAPCPA, Pub. L. No. 109-8, provided for the creation of Bankruptcy Code Section 365(p). COMM. ON JUDICIARY, H.R. Rep. No. 31(I), § 309(b)(109th Cong., 1st Sess. 2005).

[6] Section 365(p) provides:
(p)(1) If a lease of personal property is rejected or not timely assumed by the trustee under subsection (d), the leased property is no longer property of the estate and the stay under section 362(a) is automatically terminated.

(2)(A) If the debtor in a case under chapter 7 is an individual, the debtor may notify the creditor in writing that the debtor desires to assume the lease. Upon being so notified, the creditor may, at its option, notify the debtor that it is willing to have the lease assumed by the debtor and may condition such assumption on cure of any outstanding default on terms set by the contract.

(B) If, not later than 30 days after notice is provided under subparagraph (A), the debtor notifies the lessor in writing that the lease is assumed, the liability under the lease will be assumed by the debtor and not by the estate.

(C) The stay under section 362 and the injunction under section 524(a)(2) shall not be violated by notification of the debtor and negotiation of cure under this subsection.

(3) In a case under chapter 11 in which the debtor is an individual and in a case under chapter 13, if the debtor is the lessee with respect to personal property and the lease is not assumed in the plan confirmed by the court, the lease is deemed rejected as of the conclusion of the hearing on confirmation. If the lease is rejected, the stay under section 362 and any stay under section 1301 is automatically terminated with respect to the property subject to the lease.

11 U.S.C. § 365(p).

Memorandum Opinion- p. 5

refer to as a "handshake," the debtor must first offer in writing to the lessor [7] to assume the lease obligations, the timing of which is not established by the Bankruptcy Code or Rules.[8] The lessor then must decide whether to accept such offer, the timing of which is also not specified. If the lessor determines that it is willing to allow the debtor to assume the lease, it will then notify the debtor of this decision, and may condition such assumption on cure[9] of any outstanding defaults on terms set by the contract. Section 365(p) does not provide that the lessor is under any obligation to accept the debtor's offer. Once the debtor has notified the lessor of its desire to assume the lease under Section 365(p)(2)(A), the lessor is provided a safe harbor during the ensuing negotiations from allegations of violation of both the automatic stay of Section 362 and of the discharge injunction under Section 524(a)(2). *See* 11 U.S.C. §§ 362, 524(a)(2). The third and final step required by the statute is that a writing between the lessor and the debtor be signed to memorialize the terms of the lease assumption. As discussed more fully below, however, neither judicial review nor approval of the agreement is required by the Bankruptcy Code or Rules.

Under Section 362(h), which was also added by BAPCPA, if the lease is not timely assumed under Section 365(p)(2), the stay will be automatically terminated and the personal

---

[7] The statute refers to the lessor as the "creditor."

[8] Rule 6000(a) of the Federal Rule of Bankruptcy Procedure addresses a "proceeding" for the assumption and rejection of executory contracts and unexpired leases, while Rule 6006(c) appears to define a proceeding as a motion. FED. R. BANKR. P. 6000(a), 6006(c). No reference, however, is made to the time for a debtor to notify a creditor of his or her desire to assume a lease either under Section 365(p) or in Rule 6006. Moreover, because Section 521(a)(6) addresses the timing mechanics for reaffirmation or redemption of personal property secured in whole or in part by a security agreement, and because it makes no reference to assumption of personal property leases, the timing mechanics of Section 521(a)(6) are not applicable to Section 365(p)(2)(A). *See* 11 U.S.C. §§ 365(p)(1), 521(a)(6).

[9] The Bankruptcy Code does not define the term "cure."

property at issue of either the estate, or of the debtor, shall no longer be property of the bankruptcy estate. *See* 11 U.S.C. § 362(h). However, Section 362(h) refers to Section 521(a)(2), which is not addressed to leased property, but to property of the estate against which there is a secured claim.

The three-step lease assumption process appears to have been properly followed here. From a review of the Assumption Agreement attached to the Motion, the Court can reasonably infer that step one was followed as the Lessor was notified of the Debtors' offer to assume the lease obligations, which led to the Assumption Agreement. Further, it appears that the Lessor's terms of cure contemplated in step two are incorporated in the Assumption Agreement. Here, there is no cure to be made because there have been no payment defaults by the Debtors.

However, the signature of Debtors does not appear to be on the Assumption Agreement. Debtors' counsel signed the Assumption Agreement and served the Motion on Ford. Although Debtors' counsel acts with presumptive authority to bind the Debtors to assumption of the Lease, certainly the better practice would be for Debtors themselves to sign the Assumption Agreement. Further, for Ford to be bound by the Assumption Agreement, an authorized representative of Ford or CAB East, LLC[10] should sign the agreement.

*Timing of the Filing of the Assumption Agreement is Irrelevant*

Recently this Court addressed the issue of reopening a closed chapter 7 case to allow the filing of a reaffirmation agreement. *In re Polyner Mardy & Marie D. Joseph*, No. 10-73819, 2011 WL 917545. There, this Court determined not to allow the closed chapter 7 case to be reopened because the Bankruptcy Code prohibits the making or approval of a reaffirmation

---

[10] *See* note 3, *supra*.

agreement after a discharge has been granted. Therefore, this Court concluded reopening of that case would serve no purpose. The timing of the Motion in *Mardy* was critical to this Court's determination because the controlling statute, Section 524, prescribes a very specific deadline for reaffirmation of debts, being before the entry of the discharge order. Here, however, Section 365(p) lacks any particular deadline for assumption[11] of a personal property lease by a debtor, other than it being after the trustee's time to assume the lease has lapsed. Thus, the entry of a discharge order and the closing of the instant case do not prevent this Court from granting Debtors relief by allowing the Assumption Agreement to be filed. Thus, cause exists to reopen this case under Section 350(b).

The Court, however, is concerned that the Assumption Agreement here is not fully executed, as it lacks Debtors' signatures, and either Ford's or CAB East LLC's signature. Reopening this case for a short time will allow the parties a window of opportunity to complete their paperwork. Accordingly, based upon service of the Motion and the lack of any opposition by Ford thereto, cause exists to reopen the instant case to allow the filing of a fully executed lease assumption agreement with all exhibits, to supplant the partially executed Assumption Agreement annexed to the Motion. This Court has determined that sixty days provides more than ample time to do so.

---

[11] The only timing element in Section 365(p) is the requirement under subsection 365(p)(2)(B) that the debtor, within 30 days after notice is provided under subparagraph (A), must notify the lessor in writing that the lease is assumed.

*Interplay with Reaffirmation Agreements*

This memorandum opinion does not address the issue of whether the assumption of a personal property lease should be viewed and treated as a reaffirmation of debt as provided for in Bankruptcy Code Section 524, the effect of assumption of the lease on Debtors' liability for payments post discharge, or whether the debt associated with the assumption of a personal property lease can be reaffirmed under Section 524 in addition to being assumed under Section 365(p). The Court will address these issues when they are properly brought before this Court for adjudication.

*A Motion for Approval of a Lease Assumption Agreement Is Unnecessary*

Although, as discussed above, the Court will consider motions to reopen closed cases to allow the filing of a personal property assumption agreement, the Court will not allow motions or stipulations for approval of such agreements in cases that are open or in cases that have been closed. The express language of Section 365(p) does not require judicial approval of the assumption agreement. *In re Finch*, No. 06-14016, 2006 WL 3900111 at *1(Bankr. D. Colo. Oct. 2, 2006); *see also In re Mortensen*, No. 10-75234, 2011 WL 165846, *6 (Bankr. E.D.N.Y. 2011); *In re Gaylor* 379 B.R. 413 (Bankr D.Conn. 2007); *In re Walker*, No. 06-11514C-7G, 2007 WL 1297112 (Bankr. M.D.N.C 2007); *In re Rogers*, 359 B.R. at 591.

In contrast, Bankruptcy Code Section 365(a), which addresses a trustee's assumption of contracts and leases, mandates judicial intervention. 11 U.S.C. § 365(a). From the plain reading of the text of Section 365(a), it is clear that Congress intended that the bankruptcy court give its imprimatur to assumptions by the trustee because Section 365(a) conditions a trustee's assumption as being "subject to the court's approval." *Id.* Rule 6006(a) and (c) provide that a

proceeding by a trustee to assume a lease is a contested matter governed by Rule 9014. FED. R. BANKR. P. 6006 (a), (c); 9014. In making a determination on a trustee's assumption of a lease, the Court is guided, in part, by the trustee's business judgment, as well as the statutory requirements that must be met for assumption to be approved. *See, e.g.*, 11 U.S.C. § 365 (b) (addressing cure of existing defaults). As stated in Collier's "[a]lthough the business judgment is the proper standard for determining whether to permit assumption or rejection of an executory contract or unexpired lease, the court should focus on the business judgment of the trustee or debtor in possession, not on its own business judgment." COLLIER ON BANKRUPTCY ¶ 365.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). However, nowhere in the text of Section 365(p) is there any provision for or suggestion that the bankruptcy court hold a hearing or enter an order with respect to a personal property lease assumption agreement by the debtor. Further, Congress did not provide any conditions under which such approval would be granted or withheld. A Section 365(p) assumption is not akin to a Section 524 reaffirmation; neither the disclosures under Section 524(k), nor the hearing and court approval under 524(m), are required. Therefore, the Court shall not, in this case or in the future, enter any orders approving or disapproving a debtor's lease assumption agreements under Section 365(p).

## Conclusion

Based upon the foregoing, the Motion is granted only to extent that the case is reopened for a period of sixty days to allow the filing of a fully executed lease assumption agreement with all exhibits and proper signatures, to supplant the partially executed Assumption Agreement annexed to the Motion. The Court declines to approve or disapprove the Assumption Agreement itself, and shall refrain from approving or disapproving such agreements going forward. An order consistent herewith shall issue.



**Dated: April 6, 2011**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**

Memorandum Opinion- p. 11